WILLIAM R. LADD *vs.* C. VEY HOLMAN.

Penobscot.   Opinion March 11, 1912.

*Statute of Frauds.   Oral Contract to Make Land Title Good.*

A vender's oral agreement to remove existing incumbrances is generally good; but a general agreement to make good a title, if the deed delivered does not have that effect, is within the statute of frauds.

On report.   Judgment for defendant.

Assumpsit to recover money which the plaintiff alleged he expended in order to make his title to land sold to him by the defendant and conveyed to him by deed of release and quitclaim, "good, complete and merchantable."   Plea, the general issue with brief statement invoking the statute of frauds.   At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Taber D. Bailey*, for plaintiff.

*Fellows & Fellows*, for defendant.

SITTING:   WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

BIRD, J.   This is an action of assumpsit to recover moneys which plaintiff alleges he expended in order to make his title to land, which he purchased of defendant by a deed of release and quitclaim of defendant's right, title and interest therein, "good, complete and merchantable."   The case is reported to this court for decision upon the writ, pleadings and so much of the evidence as is legally admissible, such judgment to be entered as the legal rights of the parties require.

The declaration alleges that plaintiff on the eleventh day of June, 1908, had bargained with the defendant for a certain lot of land and for which the plaintiff was to pay seven hundred dollars, said

land being described as follows:—All my right, title and interest in a certain lot of land which is thereupon described as in the deed above referred to. "And whereas plaintiff having no knowledge of the nature and validity of defendant's title to said premises requested defendant to give him a warranty deed thereof, which defendant declined to do but tendered him a quitclaim deed of the premises; and in consideration that plaintiff would complete the bargain and purchase of said land, and pay the agreed price for the same, and accept the quitclaim deed of said defendant, defendant said that his title to said land was good and promised and agreed with plaintiff to stand behind the title to said land and that if plaintiff was put to any loss, cost or damage on account of any defect in said title that defendant would reimburse him for the same." It avers further that, relying upon the defendant's promise, the consideration was paid and the deed tendered and accepted by plaintiff in the belief that he acquired full and complete title but that afterwards he discovered that the deed conveyed to him only thirteen-fifteenths of the land and that in making the title good he expended time and money to the value of two hundred dollars, recovery of which is sought. The defendant pleads the general issue and the statute of frauds.

It appears from the testimony of the plaintiff, that after a negotiation for the purchase of the land in question, the parties met for payment of the consideration and the delivery of a deed; that there was discussion as to the title of two-fifteenths of the land; that defendant said that "that was all settled" and that conversation followed relative to a tax deed of the two-fifteenths under which defendant claimed; that defendant offered the deed of release and quitclaim to which plaintiff objected whereupon defendant said "it is all right, and I will stand back of it, and if anything comes up, it shan't cost you a cent;" that plaintiff then called in counsel and, to quote further from the testimony of plaintiff "they talked the matter over and they thought it was all right—gave me to understand the deed was all right, and I took the deed."

Assuming the testimony of the plaintiff to be true, and it is not uncorroborated, and admissible, we are unable to distinguish the facts of this case from those of *Bishop* v. *Little,* 5 Maine, 362. There defendant, as agent of the Pejepscot proprietors, executed

and delivered a deed of certain lands to the plaintiff, a settler. The deed contained no express covenants. When the agent of the plaintiff was about to pay the consideration for the deed he expressed fears that the title of the proprietors would not include the lands possessed by the plaintiff but the defendant affirmed that it would and that if the deed should not have the effect to pass and secure the land to the plaintiff, "he would make it good." The court held the alleged promise within the statute of frauds. See *Patterson* v. *Cunningham*, 12 Maine, 506, 512; *Raymond* v. *Raymond*, 10 Cush., 134, 141; Browne St. Fr., § 268; see also 20 Cyc., 232, where it is stated that a vendor's oral agreement to remove existing incumbrances is generally good, but a general agreement to make a good title, if the deed delivered does not have that effect, is within the statute.

*Judgment for defendant.*